**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WHA NINETEEN LLC d/b/a West Herr Volkswagen,

                Plaintiff,                1:25-cv-175 (BKS/DJS)

v.

VOLKSWAGEN OF AMERICA, INC. a/k/a Volkswagen Group of America, Inc.,

                Defendant.

---

LUXURY AUTOS OF SMITHTOWN, INC. d/b/a Audi of Smithtown,

                Plaintiff,                1:25-cv-271 (BKS/DJS)

v.

AUDI OF AMERICA, INC., a division of Volkswagen Group of America, Inc. and VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a Audi of America, Inc.,

                Defendants.

---

PLATINUM VOLKSWAGEN, LLC,

                Plaintiff,                1:25-cv-272 (BKS/DJS)

v.

VOLKSWAGEN GROUP OF AMERICA, INC.,

                Defendant.

LUXURY AUTOS OF HUNTINGTON, INC.,

                Plaintiff,

v.

AUDI OF AMERICA, INC., a division of Volkswagen Group of America, Inc. and VOLKSWAGEN GROUP OF AMERICA, INC. d/b/a Audi of America, Inc.,

                Defendants.

1:25-cv-273 (BKS/DJS)

---

OCEANA STREET ASSOCIATES, INC. d/b/a Bayside Volkswagen,

                Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.,

                Defendant.

1:25-cv-274 (BKS/DJS)

---

BAY RIDGE VOLVO AMERICAN INC. d/b/a Bay Ridge Volkswagen,

                Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA, INC.,

                Defendant.

1:25-cv-276 (BKS/DJS)

| | |
|---|---|
| SUNRISE VOLKSWAGEN, INC. d/b/a Sunrise Volkswagen, | |
| Plaintiff, | 1:25-cv-278 (BKS/DJS) |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | |
| Defendant. | |
| SUNRISE IMPORTS, LLC d/b/a Volkswagen of West Islip, | |
| Plaintiff, | 1:25-cv-281 (BKS/DJS) |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | |
| Defendant. | |
| 1632 HYLAN BlVD AUTO LLC d/b/a Island Volkswagen, | |
| Plaintiff, | 1:25-cv-285 (BKS/DJS) |
| v. | |
| VOLKSWAGEN GROUP OF AMERICA, INC., | |
| Defendant. | |

3

WHA TWENTY-ONE LLC d/b/a Audi Buffalo,

               Plaintiff,            1:25-cv-404 (BKS/DJS)

v.

AUDI OF AMERICA INC., an operating unit of
Volkswagen Group of America, Inc.,

               Defendant.

**Appearances:**

*For Plaintiffs WHA Nineteen LLC and WHA Twenty-One LLC:*
Jeremiah Mahlon Hawkes
Jason T. Allen
Richard N. Sox, Jr.
Bass Sox Mercer
2822 Remington Green Circle
Tallahassee, FL 32308

*For Plaintiffs Luxury Autos of Smithtown, Inc., Platinum Volkswagen, LLC, Luxury Autos of Huntington, Inc., Oceana Street Associates, Inc., Bay Ridge Volvo American Inc., Sunrise Volkswagen, Inc., Sunrise Imports, LLC, and 1632 Hyland Blvd Auto LLC*:
Jeremiah Mahlon Hawkes
Jason T. Allen
Richard N. Sox, Jr.
Bass Sox Mercer
2822 Remington Green Circle
Tallahassee, FL 32308

Charles Gallaer
Michael P. McMahan
Russel Pries McRory
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, NY 10019

*For Defendants:*
Owen Smith
Matthew A. Bills
Connor T. Gants
Barack Ferrazzano Kirschbaum & Nagelberg LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606

4

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.   BACKGROUND**

On February 7, 2025, Defendant Volkswagen of America, Inc. filed a notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446, to remove an administrative proceeding before the New York State Department of Motor Vehicles Safety and Business Hearing Bureau ("NYDMV") to this Court. (Dkt. No. 1).[1] Plaintiff WHA Nineteen LLC's underlying petition for an administrative hearing, filed under N.Y. Veh. & Traf. Law §§ 469 and 471-a, alleges that Defendant/Franchisor engaged in unlawful warranty labor reimbursement practices in violation of Sections 465(1) and 466(1) of New York's Franchised Motor Vehicle Dealer Act ("Dealer Act"). (*Id.*). Plaintiff/Dealer/Franchisee seeks an administrative hearing and a determination that Defendant/Franchisor has violated Sections 465(1) and 466(1) of the Dealer Act by refusing to use the dealer's retail labor time guide to calculate warranty labor reimbursement and by imposing unreasonable restrictions on the dealer.[2] On February 24, 2025, Plaintiff filed a motion to remand pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 11).

Defendant subsequently filed nine additional notices of removal under 28 U.S.C. §§ 1441 and 1446, to remove nine separate NYDMV administrative proceedings filed by various Plaintiffs. *Platinum Volkswagen, LLC v. Volkswagen Grp. of Am., Inc.*, No. 25-cv-272 (notice of removal filed Mar. 3, 2025); *Luxury Autos of Huntington, Inc. v. Audi of Am., Inc.*, No. 25-cv-273 (notice of removal filed Mar. 3, 2025); *Oceana St. Assocs., Inc. v. Volkswagen Grp. of Am.,*

---

[1] References to docket numbers reflect docket filings in the lead case, No. 25-cv-175.

[2] Plaintiff had the option of proceeding with an administrative hearing or a lawsuit in court. *See* N.Y. Veh. & Traf. Law § 469(1) ("A franchised motor vehicle dealer who is or may be aggrieved by a violation [of the Act] shall be entitled to request an adjudicatory proceeding" under § 471 "or, in lieu thereof, sue for, and have injunctive relief and damages in any court of the state having jurisdiction over the parties.").

5

*Inc.*, No. 25-cv-274; *Luxury Autos of Smithtown, Inc. v. Audi of Am., Inc.*, No. 25-cv-271 (notice of removal filed Mar. 3, 2025); *Bay Ridge Volvo Am. Inc. v. Volkswagen Grp. of Am., Inc.*, No. 25-cv-276 (notice of removal filed Mar. 3, 2025); *WHA Twenty-One LLC v. Audi of Am. Inc.*, No. 25-cv-404 (notice of removal filed Apr. 1, 2025); *Sunrise Volkswagen, Inc. v. Volkswagen Grp. of Am., Inc.*, No. 25-cv-278 (notice of removal filed Mar. 3, 2025); *1632 Hylan Blvd Auto LLC v. Volkswagen Grp. of Am., Inc.*, No. 25-cv-285 (notice of removal filed Mar. 3, 2025); and *Sunrise Imports, LLC v. Volkswagen Group of America, Inc.*, No. 25-cv-281 (notice of removal filed Mar. 3, 2025). On March 11, 2025, and April 9, 2025, the parties requested that the actions be consolidated for briefing purposes "because the petitions are substantially identical" and the briefing on the motion to remand " would be substantially identical." (Dkt. No. 14, at 3; *see* Request for Consolidation, *WHA Twenty-One LLC v. Audi of Am. Inc.*, No. 25-cv-404, (N.D.N.Y. Apr. 9, 2025), Dkt. No. 9). The Court granted the requests. (Dkt. No. 18; Text Order, *WHA Twenty-One LLC*, No. 25-cv-404 (N.D.N.Y. Apr. 11, 2025), Dkt. No. 10). On April 2, 2025, the Plaintiffs in the consolidated actions ("the Dealers") filed a motion to remand pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 26). The motion is fully briefed. (Dkt. Nos. 11, 26–28). For the following reasons, the Court grants the Plaintiffs'/Dealers' motion to remand.

## II.     STANDARD OF REVIEW

Section 1447(c) provides: "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[O]n a motion to remand the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 420 (W.D.N.Y. 2022) (quoting *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)). "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the

complaint and construes all factual ambiguities in favor of the plaintiff." *Macklin v. Lexington Ins. Co.*, No. 20-cv-05372, 2020 WL 5796814, at *2, 2020 U.S. Dist. LEXIS 179427, at *5 (S.D.N.Y. Sept. 29, 2020) (citation omitted). "Any doubts regarding the propriety of removal 'should be resolved in favor of remand.'" *Cole v. City of N.Y.*, No. 19-cv-8376, 2020 WL 3618422, at *1, 2020 U.S. Dist. LEXIS 116628, at *4 (S.D.N.Y. July 2, 2020) (quoting *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 327 (S.D.N.Y. 2005)); *G & C Food Distribs. & Brokers, Inc. v. Base Carriers, LLC,* No. 24-cv-707, 2025 WL 886910, at *2, 2025 U.S. Dist. LEXIS 52186, at *4 (N.D.N.Y. Mar. 21, 2025) ("Statutory procedures for removal are to be strictly construed, and courts resolve any doubts against removability." (internal quotation marks, brackets, and citation omitted)).

## III. DISCUSSION

### A. Removal

Defendant's notice of removal asserts that the administrative proceeding is removable to federal court under 28 U.S.C. §§ 1441 and 1446 because the NYDMV's "procedures are substantially similar to those traditionally associated with the judicial process, *i.e.*, they have an essentially judicial character." (Dkt. No. 1, ¶ 10). Opposing removal, Plaintiffs argue that removal was improper because the NYDMV is not a "state court" under § 1441(a). (Dkt. No. 26, at 12–21).

Section 1441(a) provides that, unless otherwise expressly provided by Congress, "*any civil action brought in a State court* of which the district courts of the United States have original jurisdiction[]³ may be removed." 28 U.S.C. § 1441(a) (emphasis added). In deciding whether a particular adjudicative body is a state court for purposes of Section 1441, federal courts have

---

³ Plaintiffs have not challenged Defendant's assertion that this Court has diversity jurisdiction under 28 U.S.C. § 1332(a).

applied either the "plain language" or "functional analysis" approach. *See Wade v. Burns*, 361 F. Supp. 3d 306, 309–10 (D. Conn. 2019). For courts that have looked to the plain language, the "analysis begins (and ends) with [Section] 1441's plain language, which permits removal only from a state court, which necessarily implies that the entity must be a court . . . not an administrative agency . . . that . . . conducts court-like adjudications." *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1254–55 (10th Cir. 2010) (internal quotation marks, brackets, and citation omitted). Courts applying the functional test read the term "state court" more broadly. To determine whether an entity qualifies, these courts first "assess the extent [to which] a state administrative agency has the power to conduct hearings, summon witnesses, issue orders, and enforce those orders[,]" *N.Y. State Div. of Hum. Rts. on Complaint of Hous. Opportunities Made Equal, Inc. v. Folino*, No. 11-cv-569A, 2011 WL 11068867, at *1, 2011 U.S. Dist. LEXIS 74146, at *3 (W.D.N.Y. July 11, 2011), and consider "the respective state and federal interests in the subject matter and in the provision of a forum," *Floeter v. C.W. Transp., Inc.*, 597 F.2d 1100, 1102 (7th Cir. 1979) (citation omitted).

The Second Circuit has not addressed which approach should be applied. *Wade*, 361 F. Supp. 3d at 309 ("The Second Circuit has not directly addressed the question of whether a particular state agency qualifies as a state court for purposes of removal."). It has, however, provided substantive guidance on statutory interpretation.

In *Friends of the Earth v. Consol. Rail Corp.*, the Second Circuit interpreted a provision in the Clean Water Act that precludes citizen suits where the EPA or State "has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order." 768 F.2d 57, 61 (2d Cir. 1985) (quoting § 505(b)(1)(B) of the Clean Water Act). There, the New York State Department of

8

Environmental Conservation (the "DEC") initiated enforcement actions against the defendant that "resulted in the execution of orders of consent" prior to the commencement of two private actions. *Id.* at 59. In determining whether "the DEC enforcement actions and the consent orders are the functional equivalent of a diligently prosecuted action in a court" which would bar the plaintiffs' suits, the Second Circuit noted that Section 505(b)(1)(B) "unambiguously and without qualification refers to an 'action in a court of the United States, or a State,'" and concluded that "[i]t would be inappropriate to expand this language to include administrative enforcement actions." *Id.* at 61–62 (citations omitted). In so doing, the court explained that "the starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive. Moreover, when a court finds the language of a statute to be clear and unambiguous, judicial inquiry is complete, except in rare and exceptional circumstances." *Id.* at 62–63 (quotation marks and citations omitted).

This is consistent with the plain language approach in the Ninth and Tenth Circuits. *See Ore. Bureau of Lab & Indus. ex rel. Richardson v. U.S. West Commc'ns, Inc.*, 288 F.3d 414, 417–18 (9th Cir. 2002) ("The plain language of 28 U.S.C. § 1441(a) limits removal to cases pending before a 'state court'. . . . The term is clear and consistent with the overall statutory scheme for removals because it is used repeatedly throughout the removal statutes and is the only term used in reference to the tribunal from which removal may be taken."); *Porter*, 607 F.3d at 1255.[4] The Court also notes that three other federal district courts in the Second Circuit used the plain language approach to interpret removal statutes. *See* Transcript at 46, *Alfredo's Foreign*

---

[4] In *Porter Trust*, the Tenth Circuit noted that "[m]ore recent authority has rejected or severely limited the 'functional' test in favor of a standard application of the canons of statutory construction. . . . Even courts that once applied the functional test now appear to have repented to some degree." 607 F.3d at 1254–55 (collecting cases).

*Cars, Inc., d/b/a Larchmont Chrysler Jeep Dodge v. FCA US LLC*, No. 19-cv-4026 (S.D.N.Y. Jan. 13, 2020), Dkt. No. 37 (rejecting the functional test and using the plain language test to interpret Section 1441); *Folino*, 2011 WL 11068867, at *2, 2011 U.S. Dist. LEXIS 74146, at *5 (same); *Wade*, 361 F. Supp. 3d at 311 (rejecting the functional test and using the plain language test to interpret Section 1442).

Defendant urges the Court to instead adopt the functional test, claiming that the functional test is most consistent with Supreme Court precedent. (*See* Dkt. No. 27, at 12–16). Defendant principally relies on the Supreme Court's decision in *Upshur County v. Rich*, where the issue was whether an appeal from a "county court's" tax assessment was removable under "section 639 of the Revised Statutes," which permitted removal of a "*suit*" between a citizen of the state in which it is brought and a citizen of another state. 135 U.S. 467, 470 (1890) (emphasis added). The Supreme Court noted that whatever the state tribunal was called, an assessment by a tribunal "is not usually a court, nor is the proceeding a suit between parties. It is a matter of administration, and the duties of the tribunal are administrative, and not judicial in the ordinary sense of that term." *Id.* at 471. The Court held that the appeal was not removable. "In the course of explaining [its] holding, the Court engaged in an analysis that resembles the functional test and determined that the 'so-called' Upshur County court 'ha[d] no judicial powers, except in matters of probate. In all other matters it [was] an administrative board.'" *Ore. Bureau of Lab. & Indus. ex rel. Richardson*, 288 F.3d at 419. But this "stands at most for the undisputed principle that the label a state attaches to a tribunal does not control the question of whether the tribunal is a court for removal purposes." *Id.* (internal quotation marks omitted). "[I]t does not follow that because *Upshur County* held that a court is not necessarily a 'court' for removal purposes, the Supreme Court has endorsed the view that an administrative agency might be a 'court' for

10

removal purposes." *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1263 (3d. Cir. 1994); *see also id.* (finding "no case from the Supreme Court . . . holding that a case can be removed from an administrative agency to federal court on the grounds that the administrative agency is functionally a court"). This is particularly true since "[s]tatutory procedures for removal are to be strictly construed, and courts resolve any doubts against removability." *G & C Food Distribs. & Brokers, Inc.,* 2025 WL 886910, at *2, 2025 U.S. Dist. LEXIS 52186, at *4 (internal quotation marks, brackets, and citation omitted).

  Defendant also points to the Supreme Court's decision in *Chicago, R.I. & P.R. Co. v. Stude.* In *Stude* the Court held that a party who was identified in state court as a "defendant" was not a defendant entitled to removal because federal law, not state law, determines who a "defendant" is for the purpose of removal. *See* 346 U.S. 574, 578–80 (1954). The Court explained that "it [was] a question of the construction of the federal statute on removal, and not the state statute. The latter's procedural provisions cannot control the privilege or removal granted by the federal statute." *Id.* at 580 (citation omitted). The Court thus affirmed the lower court's decision remanding the case to state court. This holding does not speak to the meaning of the term "state court"; nor does it support an expansive approach to determining the scope of the term "state court" in the removal statute.

  The Court is "constrained to follow the general rule that where the basis for jurisdiction is doubtful, all doubts should be resolved in favor of remand." *See Cole*, 2020 WL 3618422, at *1, 2020 U.S. Dist. LEXIS 116628, at *4 (citation omitted). For all of these reasons, "[a]bsent explicit guidance from the [Second Circuit]," *Folino*, 2011 WL 11068867, at *2, 2011 U.S. Dist. LEXIS 74146, at *5, the Court will not go beyond Section 1441's "clear and unambiguous[,]" language, *Friends of the Earth*, 786 F.2d at 62.

11

Applying the plain language analysis, the "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. [The] inquiry must cease if the statutory language is unambiguous and the statutory scheme is coherent and consistent." *Folino*, 2011 WL 11068867, at *2, 2011 U.S. Dist. LEXIS 74146, at *5 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). "Here, the plain language of 28 U.S.C. § 1441(a) limits removals to 'civil actions' brought in 'a State Court.'" *Id.* "The statute does not mention administrative agencies or administrative proceedings; in fact, the statute does not even use ambiguous language like 'tribunal' or 'decision-making body' that might allow for an assessment of an agency's functions." *Id.*, 2011 WL 11068867, at *2, 2011 U.S. Dist. LEXIS 74146, at *5–6; *see also id.*, 2011 WL 11068867, at *2, 2011 U.S. Dist. LEXIS 74146, at *6 ("Of all of the different governmental entities at the state and local level that make and enforce decisions, Congress chose only one type of entity—state courts—to subject to the federal removal process."). Accordingly, the Court finds the term "state court" in Section 1441 clear and unambiguous.

Here, Defendant is attempting to remove a proceeding from the NYDMV to federal court. (*See generally* Dkt. No. 1). The NYDMV "is not a state court as understood within the New York State Unified Court System," *Folino*, 2011 WL 11068867, at *2, 2011 U.S. Dist. LEXIS 74146, at *6 (citing Structure of the Courts, https://www.nycourts.gov/courts/structure.shtml (last visited July 14, 2025)). Under Section 1441's clear and unambiguous language this administrative proceeding is not "a civil action in state court." The Court therefore finds that removal is improper and remand is required.

  **B.**   **Attorneys' Fees**

The Plaintiff/Dealers also argue that they "are entitled to [attorneys'] fees under 28 U.S.C. § 1447(c) because removal was palpably improper and other franchisors should be

discouraged from attempting removal of NYDMV administrative proceedings in the future." (Dkt. No. 26-1, at 21–22). Defendant characterizes the request for fees as "frivolous," explaining that the motion "cites no authority aside from basic legal standards and relies on arguments expressly rejected by controlling precedent." (Dkt. No. 27, at 29–30).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Assessment of costs and fees against the removing defendants is within the court's discretion and does not require a finding of bad faith or frivolity." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 400 (S.D.N.Y. 2009) (internal quotation marks omitted). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

Here, the Court does not find unusual circumstances or that Defendant lacked an objectively reasonable basis for seeking removal. "As the preceding analysis demonstrates," this is an open question, "and [D]efendants' removal petition was not without persuasive support." *Weimer v. City of Johnstown, N.Y.*, 931 F. Supp. 985, 993 (N.D.N.Y. 1996). *See also* Transcript at 46–47, *Alfredo's Foreign Cars, Inc.,* No. 19-cv-04026 ("There is a circuit split on the issue of which test to apply. . . . [I]t hardly is the case that the defense argument [] didn't have an objectively reasonable basis. The split is almost 50/50."). Although ultimately unsuccessful, Defendant's argument is well-reasoned and tethered to generally relevant caselaw. Accordingly, Plaintiffs' request for attorney's fees is denied.

IV.   CONCLUSION

For these reasons, it is hereby

13

**ORDERED** that the Plaintiffs'/Dealers' motions to remand, (Dkt. Nos. 11, 26), are **GRANTED**; and it is further

**ORDERED** that Case Nos. 25-cv-175, 25-cv-271, 25-cv-272, 25-cv-273, 25-cv-274, 25-cv-276, 25-cv-278, 25-cv-281, 25-cv-285, and 25-cv-404 are remanded to the New York State Department of Motor Vehicles Safety and Business Hearing Bureau; and it is further

**ORDERED** that that the Clerk mail a certified copy of this Order of Remand to the Clerk of the New York State Department of Motor Vehicles Safety and Business Hearing Bureau.

**IT IS SO ORDERED.**

Dated: July 15, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge